IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 5, 2010

## SZUMANSKI STROUD  v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 05-06225     John T. Fowlkes, Judge**

**No. W2009-01641-CCA-R3-PC  - Filed February 3, 2010**

The petitioner, Szumanski Stroud, appeals the denial of his petition for post-conviction relief, arguing that his trial counsel provided ineffective assistance by not properly cross-examining the victim about his identification of the petitioner.  Following our review, we affirm the denial of the petition for post-conviction relief.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Patrick E. Stegall, Memphis, Tennessee, for the appellant, Szumanski Stroud.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; William L. Gibbons, District Attorney General; and Garland Erguden, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

The petitioner was convicted by a Shelby County jury of two counts of aggravated assault and sentenced by the trial court to an effective term of fifteen years in the Department of Correction.  His convictions and sentences were affirmed by this court on direct appeal, and our supreme court denied his application for permission to appeal.  State v. Szumanski Stroud, No. W2006-01945-CCA-R3-CD, 2007 WL 3171158 (Tenn. Crim. App. Oct. 29, 2007), perm. to appeal denied (Tenn. May 5, 2008).

The petitioner's convictions stemmed from a May 26, 2005, incident in which he fired multiple gunshots at a vehicle in which his sister, Denita Harvey, and her fiancé, Randy Smothers, were traveling. Id. at *1. At trial, Smothers testified that he recognized the masked shooter as the petitioner by his eyes. He also said that he believed the petitioner was retaliating against him for a fight over money that had taken place between the men two days previously. Id. Harvey testified that she could not positively identify the petitioner as the shooter. She acknowledged, however, that she told the police on May 26, 2005, that he was the person responsible, and she explained that she had assumed he was the perpetrator because of the May 24 altercation. Id. at *2.

The petitioner filed a *pro se* petition for post-conviction relief on June 15, 2008. Post-conviction counsel was subsequently appointed and an amended petition filed in which the petitioner alleged that his trial counsel provided ineffective assistance by failing to properly cross-examine Smothers on an earlier misidentification. Specifically, he asserted that the State nolle prosequied a second indictment based on an incident involving the same victim because "the victim could not sufficiently identify him." The petitioner alleged that trial counsel should have asked the victim about his misidentification in that dismissed case and that, had he done so, there was a reasonable probability that the outcome of his trial would have been different.

At the evidentiary hearing, the petitioner testified that he was charged in one indictment with two counts of aggravated assault, based on the May 26, 2005 incident, and in a second indictment with criminal attempt first degree murder and aggravated assault, based on allegations by Smothers and Harvey that someone had shot at them sometime between June 5 and June 7, 2005. He said that his May 24, 2005 fight with Smothers, in which Smothers stabbed him with a knife, did not result in any charges. The petitioner testified that the two indictments were consolidated for trial, but the State nolle prosequied the second indictment on the morning that the trial was scheduled to begin. He stated that he wanted evidence of both indictments introduced at trial and asked trial counsel to cross-examine the victim on the contradictory statements he had made in the indictments, but counsel failed to do so. The petitioner expressed his belief that counsel's failure to cross-examine the victim on the issue ruined his defense, which was based on proving that the victim was mistaken in his identifications.

Trial counsel testified that he had been licensed to practice law since 1982, had been with the public defender's office since 1989, and had handled thousands of cases, including an estimated 60 to 70 which had gone to trial, during his career. He said that he did not cross-examine Smothers about the dismissed indictment because he thought he had nothing to gain, and everything to lose, by bringing up an incident that would have revealed a pattern of violent behavior on the part of the petitioner. In his view, the decision not to cross-examine the victim on that issue was a sound one: "So it was a trial strategy and I think it

was the proper trial strategy. I think if I brought that out, not only does it show a pattern, I'd have been bringing out an alleged prior bad act and the verdict would have been quicker than it was."

Trial counsel further testified that he told the petitioner it was within the prosecutor's discretion to dismiss one indictment and not the other and that the reason she dismissed the second indictment was not because she thought Smothers was fabricating his allegations, as the petitioner believed, but instead because the identification proof in the second case was not as strong. On cross-examination, he explained that the incident that formed the basis for the second indictment occurred at midnight on a residential street that was not very well lit. Trial counsel testified that he explained to the petitioner why he chose not to cross-examine the victim on the dismissed indictment. As he recalled, the petitioner accepted his decision on the matter. Finally, trial counsel testified that Smothers was adamant in his identification of the petitioner as the perpetrator in both cases. He did not, therefore, think that there was anything in the proof of the dismissed case that would have helped the petitioner in his case at trial.

In response to questioning by the post-conviction court, trial counsel testified that he filed a motion in limine to exclude evidence of the May 24 fight between Smothers and the petitioner, but was overruled by the trial court.

On April 6, 2009, the post-conviction court entered an order denying the petition. Among other things, the court found that the petitioner failed to prove that it was not a sound strategic choice on the part of counsel not to cross-examine the victims with respect to the June 6 incident.

## ANALYSIS

The post-conviction petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2006). When an evidentiary hearing is held in the post-conviction setting, the findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them. See Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996). Where appellate review involves purely factual issues, the appellate court should not reweigh or reevaluate the evidence. See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997). However, review of a trial court's application of the law to the facts of the case is *de novo*, with no presumption of correctness. See Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel, which presents mixed questions of fact and law, is reviewed *de novo*, with a presumption of correctness given only to the post-conviction court's findings of fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001); Burns v. State, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner has the burden to show both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee). The Strickland standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687, 104 S. Ct. at 2064.

The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland, 466 U.S. at 688, 104 S. Ct. at 2065; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). The reviewing court must indulge a strong presumption that the conduct of counsel falls within the range of reasonable professional assistance, see Strickland, 466 U.S. at 690, 104 S. Ct. at 2066, and may not second-guess the tactical and strategic choices made by trial counsel unless those choices were uninformed because of inadequate preparation. See Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). The prejudice prong of the test is satisfied by showing a reasonable probability, *i.e.*, a "probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

Because both prongs of the test must be satisfied, a failure to show either deficient performance or resulting prejudice results in a failure to establish the claim. See Henley, 960 S.W.2d at 580. For this reason, courts need not approach the Strickland test in a specific order or even "address both components of the inquiry if the defendant makes an insufficient showing on one." 466 U.S. at 697, 104 S. Ct. at 2069; see also Goad, 938 S.W.2d at 370 (stating that "failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim").

We conclude that the record fully supports the post-conviction court's finding that the petitioner failed to show he was denied the effective assistance of counsel. On appeal, the petitioner bases his ineffective assistance claim solely on counsel's failure to cross-examine

Smothers about his identification in the nolle prosequied case, arguing that counsel was deficient for not doing so and that his deficiency in this respect prejudiced the outcome of the trial, which hinged on the credibility of the victim. Trial counsel, however, explained that his decision not to cross-examine the victims on the dismissed indictment was based on his belief that it would hurt the petitioner's case. He explained:

> As trial strategy and I did think about it a lot whether I should do it. I talked to several of my colleagues. Everybody's first reaction was why would you bring it up. Why would you bring up an alleged prior bad act of the [petitioner] showing what would then be a pattern of violence, three violent acts, the fist fight with a stick and a knife, the alleged shooting at the car and then bring up the third incident. I saw no way that it could help him.

There is nothing to show that trial counsel's decision was not part of a sound trial strategy or that his failure to cross-examine Smothers on the issue prejudiced the outcome of the case. The petitioner has not, therefore, met his burden of showing that he was denied the effective assistance of counsel.

## CONCLUSION

We conclude that the petitioner has not met his burden of showing that he is entitled to post-conviction relief from his convictions. Accordingly, we affirm the denial of the petition for post-conviction relief.

_____
ALAN E. GLENN, JUDGE

-5-