IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 18, 2012

## ROBERT SCRIBNER, II v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2006-C-2627      J. Randall Wyatt, Jr., Judge**

**No. M2011-00229-CCA-R3-PC - Filed June 19, 2012**

The petitioner, Robert Scribner, II, appeals the denial of his petition for post-conviction relief from his rape of a child conviction, arguing that his trial counsel was ineffective for not hiring an independent expert to challenge DNA evidence that linked him to the crime. Following our review, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROGER A. PAGE, JJ., joined.

James O. Martin, III (on appeal) and Caesar Cirigliano (at hearing), Nashville, Tennessee, for the appellant, Robert Scribner.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Senior Counsel; Victor S. Johnson, III, District Attorney General; and J.W. Hupp, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

The petitioner and a co-defendant, Eric Turner, were indicted by the Davidson County Grand Jury in a three-count indictment for three counts of rape of a child, with the petitioner charged in two of the counts and Turner in the third count. At the conclusion of their joint trial, the petitioner was acquitted of one count and convicted of the other, while Turner was convicted of the lesser-included offense of attempted rape of a child. The petitioner was subsequently sentenced as a child rapist to sixteen years at 100 percent in the Department of Correction. This court affirmed his conviction on direct appeal, and our supreme court

denied his application for permission to appeal. State v. Eric D. Turner and Robert Dee Scribner, II, No. M2008-00253-CCA-R3-CD, 2009 WL 648963, at *1 (Tenn. Crim. App. Mar. 12, 2009), perm. to appeal denied (Tenn. Aug. 17, 2009).

Our direct appeal opinion contains the following summary of the case:

> This case arises out of the [petitioner's and Turner's] January 24, 2006, sexual encounter with the twelve-year-old victim, A.D. According to the State's proof at trial, the victim became acquainted with twenty-three-year-old Turner and his twenty-two-year-old cousin, [the petitioner], through an adult chat line. On January 24, 2006, by prearrangement with the victim, the men picked up the victim from the street near her home and took her to Turner's house. Both men engaged in sexual activity with the victim at Turner's house and then took her back to her own home. Confronted by her mother that evening, the victim initially admitted to penile-vaginal intercourse with [the petitioner]. A criminal investigation ensued, and she eventually admitted that she had engaged in sexual intercourse with both [men] during the January 24, 2006, episode at Turner's home.

Id. (footnote omitted).

A single male profile obtained from the victim's vaginal and cervical swabs was a "full profile match" to the petitioner's DNA, with "the probability of an unrelated individual . . . having the same DNA profile exceed[ing] the current world population." Id. at *3. Additional evidence against the petitioner included his admission to police that he had engaged in oral sex with the victim, which was introduced at trial through his recorded statement and the testimony of the police detective who interviewed him. Id. at *2. The petitioner's defense strategy consisted of an attempt to show that he had not acted either knowingly or recklessly with respect to the victim's age, given her presence on an adult chat line, her adult-like appearance, and her having lied to him and Turner about her age. Id. at *2, 6.

The petitioner filed a *pro se* petition for post-conviction relief on January 11, 2010, followed by an amended petition on June 16, 2010, after the appointment of post-conviction counsel, in which he raised a claim of ineffective assistance of trial counsel. Although the petitioner based his ineffective assistance claim on a number of allegations of deficient performance of trial counsel, he confines himself on appeal to arguing that counsel was deficient for failing to investigate the need for an expert defense witness to challenge the State's DNA evidence. The petitioner acknowledges that he has failed to show that an independent DNA expert would have made a difference to his case. He submits, however,

that counsel's failure "to even investigate whether the State's experts were right in their conclusions . . . prejudiced [him] by denying him the constitutional right to present a defense."

At the evidentiary hearing, trial counsel, who was licensed in 1999, testified that the only defense available to him, in light of the petitioner's admissions to the police and the DNA evidence, was to argue that the petitioner lacked the mens rea for the crime; specifically, that he had not been reckless in determining the victim's age. Counsel said that he reviewed the DNA evidence prior to trial but saw no reason to hire his own DNA expert because he saw nothing wrong with the testing process. In addition, the petitioner had admitted to having sexual intercourse with the victim, which meant that that fact "was never in dispute." Counsel testified that he challenged the admission of the DNA evidence at trial based on the State's failure to establish a sufficient chain of custody but that he was unsuccessful with the issue, both at trial and on appeal. He did not file a pretrial motion to exclude the evidence because "there wasn't an issue with the chain of custody, per s[e]"; instead, he thought the State simply failed to sufficiently establish the chain of custody through the trial testimony.

The petitioner testified that counsel never talked to him about obtaining a defense DNA expert. He also denied that he ever admitted the crime to the police and said he thought that counsel should have worked harder on his defense.

On December 2, 2010, the post-conviction court entered a detailed written order denying the petition for post-conviction relief. Among other things, the court found that counsel diligently investigated the case, including the DNA evidence, and that he developed the only reasonable defense available given the facts.

**ANALYSIS**

The post-conviction petitioner bears the burden of proving his allegations by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f) (2006). When an evidentiary hearing is held in the post-conviction setting, the findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them. See Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996). Where appellate review involves purely factual issues, the appellate court should not reweigh or reevaluate the evidence. See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997). However, review of a post-conviction court's application of the law to the facts of the case is *de novo*, with no presumption of correctness. See Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel, which presents mixed questions of fact and law, is reviewed *de novo*, with a presumption of correctness given only to the post-conviction court's findings of fact. See Fields v. State, 40

S.W.3d 450, 458 (Tenn. 2001); Burns v. State, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner has the burden to show both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee). The Strickland standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.

The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland, 466 U.S. at 688; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the test is satisfied by showing a reasonable probability, *i.e.*, a "probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

The petitioner argues that trial counsel provided ineffective assistance by not investigating the need for an expert defense witness to counter the State's DNA evidence. In denying relief, the post-conviction court found, among other things, that counsel had extensive experience with serious cases of a similar nature, that counsel had cross-examined the State's DNA expert in prior cases, and that counsel attempted to exclude the DNA evidence by raising an objection to the chain of custody. The court further found that counsel had fully investigated the case and potential defenses but that his ability to craft a defense was "problematic" given the evidence against the petitioner. Implicit in the court's ruling was a finding that counsel was reasonable in the defense strategy he ultimately employed.

The record fully supports the findings and conclusions of the post-conviction court. Trial counsel, an experienced defense attorney, reasonably explained that he did not consider hiring an independent expert to review the DNA evidence because he saw no issues with the

testing process and the petitioner had admitted to sexual intercourse with the victim. Moreover, the petitioner was unable to offer any evidence to show that an independent expert would have changed the outcome of his case. We conclude, therefore, that the petitioner has not met his burden of showing that counsel was deficient in his performance for not investigating the need for an independent DNA expert or that he was prejudiced as a result of counsel's failure to do so.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the denial of the petition for post-conviction relief.

_____
ALAN E. GLENN, JUDGE