# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs November 13, 2013

## MAURICE SHAW v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Tipton County**
**No. 6551      Joseph H. Walker, III, Judge**

---

**No. W2013-00173-CCA-R3-PC  - Filed January 22, 2014**

---

The petitioner, Maurice Shaw, appeals the denial of his petition for post-conviction relief, arguing that he received ineffective assistance of trial counsel.  Following our review, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROGER A. PAGE, JJ., joined.

Gary F. Antrican, District Public Defender; and David S. Stockton, Assistant Public Defender, for the appellant, Maurice Shaw.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel; D. Michael Dunavant, District Attorney General; and Jason R. Poyner, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

In 2010, the petitioner was convicted in the Tipton County Circuit Court of the delivery of .5 grams or more of cocaine, a Class B felony, and was sentenced as a Range II offender to fifteen years in the Department of Correction.  His conviction was affirmed by this court, and our supreme court denied his application for permission to appeal.  State v. Maurice Shaw, Sr., No. W2010-02529-CCA-R3-CD, 2012 WL 939009, at *1 (Tenn. Crim. App. Mar. 16, 2012), perm. app. denied (Tenn. June 19, 2012).  Our direct appeal opinion reveals that the petitioner's conviction stemmed from a controlled drug purchase of crack cocaine from the petitioner that was made by a confidential informant who was working for

the 25th Judicial District Drug Task Force. Id. The transaction was videotaped via a camera hidden in a button on the informant's shirt, and the audio/video recording was introduced as an exhibit at the petitioner's trial. Id. The telephone call between the two men in which the informant arranged the drug transaction was also recorded, and it, too, was introduced as an exhibit at trial. Id. at *2.

On July 9, 2012, the petitioner filed a *pro se* petition for post-conviction relief in which he raised a number of claims. At the evidentiary hearing, however, post-conviction counsel narrowed the list to the single claim that the petitioner's trial counsel provided ineffective assistance by his failure to properly investigate and prepare the case. The petitioner began his post-conviction testimony by complaining about trial counsel's failure to review with him the discovery in the case. As he continued his testimony, it became clear that his real complaint was that the prosecution had created a "trial by ambush" by introducing into evidence photographs made from the videotape of the drug transaction. The petitioner claimed that the prosecutor did not have the photographs made until the evening before trial and did not provide them to his trial counsel before introducing them as exhibits.

The petitioner additionally complained that trial counsel failed to investigate the background of the confidential informant. According to the petitioner, had trial counsel investigated the witness's background, he would have learned that he was homeless, which was "a knock on the door to commit a crime" and a motivation for him to lie about the petitioner's role in the alleged drug transaction. The petitioner also believed that trial counsel should have attacked the informant's credibility by calling as a witness a police officer who had arrested the informant on a felony charge. He conceded that the prosecutor informed the jury that the informant had a felony conviction but said that trial counsel never argued that fact to the jury. The petitioner also complained about the informant's "irrelevant statement" at trial about having received a head injury while serving in Afghanistan. The petitioner acknowledged that trial counsel had no way of knowing that the informant would make that statement but said that counsel should have investigated the informant's background to find out whether the information was true or whether the informant was on any medication at the time of trial.

The petitioner further testified that he believed trial counsel was deficient for not questioning the informant about what kind of vehicle he drove to the alleged drug transaction. He was unable, however, to explain how that information would have altered the outcome of his case. At the end of his testimony, the petitioner recited a long list of additional complaints about the conduct of his trial and trial counsel's performance. Among other things, he complained about counsel's failure to object to the introduction of the drugs, to cross-examine witnesses on different subjects, to object to various portions of the prosecutor's closing argument, and to suppress the indictment and all the evidence against

him.

On December 7, 2012, the post-conviction court entered an order denying the petition, finding that the petitioner had failed to meet his burden of demonstrating that he was denied the effective assistance of counsel. Thereafter, the petitioner filed a timely appeal to this court.

## ANALYSIS

On appeal, the petitioner contends that trial counsel "was deficient by allowing the jurors to determine which witnesses were telling the truth" and that this court should "find that cumulatively somehow, [trial counsel] was ineffective." The State responds by arguing that the petitioner has waived appellate review by his failure to make appropriate references to the record, include citations to relevant authority, or support his claims with any argument. The State additionally argues that the petitioner is not entitled to any relief on the merits of his claims because the record supports the post-conviction court's finding that the petitioner received effective assistance of counsel. We agree with the State.

The post-conviction petitioner bears the burden of proving his allegations by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f) (2012). When an evidentiary hearing is held in the post-conviction setting, the findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them. See Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996). Where appellate review involves purely factual issues, the appellate court should not reweigh or reevaluate the evidence. See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997). However, review of a post-convictions court's application of the law to the facts of the case is *de novo*, with no presumption of correctness. See Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel, which presents mixed questions of fact and law, is reviewed *de novo*, with a presumption of correctness given only to the post-conviction court's findings of fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 688 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). The reviewing court must indulge a strong presumption that the conduct of counsel falls within the range of reasonable professional assistance, see Strickland, 466 U.S. at 690, and may not second-guess the tactical and strategic choices made by trial counsel unless those choices were uninformed because of inadequate preparation. See Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). The prejudice prong of the test is satisfied by showing

a reasonable probability, *i.e.*, a "probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Courts need not approach the Strickland test in a specific order or even "address both components of the inquiry if the defendant makes an insufficient showing on one." 466 U.S. at 697; see also Goad, 938 S.W.2d at 370 (stating that "failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim").

In its order denying the petition, the post-conviction court found, among other things: that counsel was not deficient for allowing the jury to determine which witnesses were telling the truth because "that is the function of the jury"; that the petitioner failed to show any basis for the suppression of the indictment, witnesses, or evidence; and that the petitioner was unable to show that he suffered any prejudice as the result of any failure on the part of counsel to investigate the confidential informant's background.

The record fully supports the findings and conclusions of the post-conviction court. As noted by the post-conviction court, credibility determinations are within the province of the jury, and the petitioner can in no way show that his counsel provided ineffective representation by "allowing" the jurors to fulfill that function. The petitioner also failed to show that counsel was deficient in his preparation of the case or in the manner in which he conducted the trial, or that the petitioner suffered any prejudice as the result of any alleged deficiency in representation.

## **CONCLUSION**

Based on our review, we conclude that the petitioner has failed to show either a deficiency in counsel's performance or resulting prejudice to his case. Accordingly, we affirm the denial of the petition for post-conviction relief.

_____
ALAN E. GLENN, JUDGE

-4-