IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 16, 2020 at Knoxville

## SREDRICK (CEDRIC) CORTAVIOUS WOODRUFF v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Henderson County**
**No. 17-140-3 Kyle C. Atkins, Judge**

_____

### No. W2019-01895-CCA-R3-PC

_____

The petitioner, Sredrick (Cedric) Cortavious Woodruff, appeals the denial of his post-conviction petition, arguing the post-conviction court erred in finding he received the effective assistance of counsel prior to and during his guilty plea hearing. After our review of the record, briefs, and applicable law, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT L. HOLLOWAY, JR., JJ., joined.

Michael Thorne, Lexington, Tennessee, for the appellant, Sredrick (Cedric) Cortavious Woodruff.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Jody Pickens, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

I.      Guilty Plea Hearing

A Henderson County grand jury indicted the petitioner for six drug-related charges committed on three separate days in July 2015. More specifically, the indictment charged the petitioner with one count of the sale and one count of the delivery of 0.5 grams or more

of cocaine for actions committed on July 9, 10, and 13, 2015, in violation of Tennessee Code Annotated section 39-17-417.

While incarcerated and before pleading guilty to the drug-related charges, the petitioner assaulted several Henderson County correction officers. As a result, the petitioner was charged with nine counts of aggravated assault on February 1, 2018. The State addressed the petitioner's drug charges and pending aggravated assault charges during a plea hearing on May 21, 2018.

At the outset of the plea colloquy, the petitioner stipulated to the facts as contained in the indictments which provided that the petitioner unlawfully and knowingly sold and delivered 0.5 grams or more of cocaine on July 9, 10, and 13, 2015. The petitioner acknowledged that he was under oath, was not under the influence of drugs or alcohol, and did not suffer from any disabilities that would prevent him from understanding the proceedings. The petitioner also acknowledged he was waiving his rights to a trial by jury, to confront witnesses against him, and to present witnesses in his defense. The petitioner testified he was satisfied with the representation of trial counsel and had no concerns or complaints about counsel's representation. He understood that he faced a potential range of punishment of eight to thirty years, and that by pleading guilty, the convictions could enhance any future sentence. The petitioner affirmed he spoke with trial counsel about the strengths and weaknesses of his case, discovery, possible defenses, and the positives and negatives associated with going to trial and entering a plea. Trial counsel answered all of his questions, and he affirmed he was not forced to plead guilty.

The petitioner then pled guilty to the three separate drug violations committed on July 9, 10, and 13, 2015, for which he received an effective sentence of nine years. As a condition of his plea agreement in the drug cases, the petitioner and the State agreed the petitioner, once indicted, would be allowed to plead guilty to the aggravated assault charges in exchange for a six-year sentence that would run concurrently with the petitioner's nine-year sentence for the drug offenses.

After finding the petitioner was knowingly and voluntarily entering his pleas, the trial court accepted all the terms of the petitioner's agreement, including the agreement related to the aggravated assault charges. The trial court then found the petitioner guilty of three counts of the sale and delivery of 0.5 grams or more of cocaine, sentencing him to the agreed upon nine-year sentence.

II.     Post-Conviction Hearing

The petitioner subsequently filed a pro se "Motion for Plea Renounce."[1] The post-conviction court treated the motion as a petition for post-conviction relief and appointed counsel. An evidentiary hearing was held on September 20, 2019, during which trial counsel and the petitioner both testified.

Trial counsel testified she had been a Henderson County Assistant Public Defender since November 2017. Prior to the plea hearing, trial counsel met with the petitioner at least three times at the Henderson County Jail. She received discovery in the petitioner's drug-related cases and discussed the discovery evidence with the petitioner. The discovery consisted of the Tennessee Bureau of Investigation's lab reports, "still shots from videos" showing the petitioner's face, and investigative reports. Trial counsel testified the "still shots" did not depict a hand-to-hand transaction or an actual exchange of narcotics or money.

Trial counsel explained that the petitioner's cousin was originally indicted on the drug charges but that the charges were dismissed due to mistaken identity. After the charges against the petitioner's cousin were dismissed, a confidential informant involved with the drug transaction was shown a picture and video of the petitioner and identified the petitioner as the seller of the drugs. Trial counsel filed a motion to suppress the confidential informant's identification of the petitioner; however, she chose not to pursue a hearing on the matter after the petitioner received the aggravated assault charges.

The additional aggravated assault charges led to a change in trial counsel's strategy for the petitioner's case. Trial counsel explained that she chose not to pursue a hearing regarding the identification of the petitioner because the case law was not in the petitioner's favor. Additionally, in order to limit the petitioner's exposure to a high sentence should he go to trial on both the drug and aggravated assault charges, trial counsel pursued a plea agreement that disposed of both with concurrent sentences for the numerous charges the petitioner faced. Trial counsel believed it was in the petitioner's best interest to accept a plea deal that covered all his pending charges and reduced his sentencing exposure. She stated that in hindsight, she would not have done anything different regarding this decision.

Trial counsel explained that plea negotiations for both the drug and aggravated assault charges occurred prior to the guilty plea hearing. The State's first plea offer on the drug charges was for a total effective sentence of twelve years at thirty-five percent. Trial counsel was able to reduce the offer to an effective nine-year sentence. She discussed the plea deal, the circumstances of the case, and the potential of success at trial with the petitioner. She testified that it was the petitioner's decision to plead guilty and that he did so with full knowledge of his rights and the facts of the case.

---

[1] The petitioner's Motion for Plea Renounce is not included in the record on appeal.

Trial counsel testified that the plea hearing transcript accurately reflected that the petitioner was fully advised of his rights, was satisfied with counsel's representation, and made a knowing and intelligent decision to plead guilty. Trial counsel noted that the petitioner never indicated a lack of understanding of his rights prior to entering the plea. Finally, trial counsel testified she was prepared to go to trial if the petitioner had refused the State's offer. The plea hearing transcript was then entered into evidence.

The petitioner testified that trial counsel forced him to accept the nine-year offer. The petitioner met with trial counsel on three occasions, but he was not aware of the potential plea agreements until the day he accepted the State's offer. He claimed trial counsel told him to take the offer because the State was not going to make another offer given the petitioner's pending aggravated assault charges. According to the petitioner, he would have gone to trial had he not felt forced to enter a plea.

The petitioner believed the State did not have enough evidence to prove he was the proper suspect in the drug case. The petitioner explained that the "still shots" that allegedly placed him at the crime scene were in black and white and did not reveal a clear image of his face. While admitting a confidential informant identified him as the seller, the petitioner believed this identification was improper because the informant identified the petitioner from a video and a single photograph and was not given a six-photographic lineup. The petitioner asked trial counsel to file a motion to suppress the informant's identification.

The petitioner testified that he was wrongfully accused of the drug crimes and asked the court to set aside his guilty plea and grant a motion for new trial. He explained that trial counsel incorrectly stated he was a Range II offender due to the pending aggravated assault charges, which led him to plead guilty. However, at the time he entered his guilty pleas, the petitioner was a Range I offender because he only had one prior felony. The petitioner understood his sentence would be greater if he went to trial and was convicted as a Range II offender.

The petitioner acknowledged he received a Notice of Intent to Seek Enhanced Punishment prior to entering his pleas. The notice showed that the State sought to have the petitioner sentenced as a Range II offender. The petitioner believed the State was attempting to enhance his sentence using a conviction that occurred after the drug sales in this case. The notice was entered into evidence.

The petitioner recalled telling the trial court that he had plenty of time to discuss his case and the State's offer with counsel and that he was satisfied with trial counsel's representation. The petitioner explained that he did not lie to the trial court when he made

these statements but was "trying to do what's best for me." He affirmed that the trial court explained his rights and that he was familiar with his rights because of his past experience with the criminal justice system. The petitioner admitted he made the decision to plead guilty and understood the terms of the plea. The petitioner admitted to committing aggravated assault and, as such, only wished to withdraw his guilty plea with respect to the drug charges.

After its review of the evidence presented, the post-conviction court denied relief, and this timely appeal followed.

*Analysis*

On appeal, the petitioner argues he was "forced" to enter guilty pleas and was misinformed about his offender status. Specifically, the petitioner contends his pleas were not knowing or voluntary because trial counsel did not provide accurate advice about the applicable sentencing ranges for the drug and aggravated assault charges. He further argues that but for trial counsel's erroneous conclusions and representation, he would not have entered guilty pleas. The State contends the petitioner failed to establish any basis for post-conviction relief, and the post-conviction court properly denied the petition. Upon our review, we agree with the State.

The petitioner bears the burden of proving his post-conviction factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). The findings of fact established at a post-conviction evidentiary hearing are conclusive on appeal unless the evidence preponderates against them. *Tidwell v. State*, 922 S.W.2d 497, 500 (Tenn. 1996). This Court will not reweigh or reevaluate evidence of purely factual issues. *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997). However, appellate review of a trial court's application of the law to the facts is *de novo*, with no presumption of correctness. *See Ruff v. State*, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel presents mixed questions of fact and law. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). Thus, this Court reviews the petitioner's post-conviction allegations *de novo*, affording a presumption of correctness only to the post-conviction court's findings of fact. *Id*.; *Burns v. State*, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner must show both that counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceedings. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Taylor*, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that the standard for determining ineffective assistance of counsel applied in federal cases is also applied in Tennessee). The *Strickland* standard is a two-prong test:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687. In order for a post-conviction petitioner to succeed, both prongs of the *Strickland* test must be satisfied. *Id*. Thus, courts are not required to even "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id*.; *see also Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (stating that "a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim").

A petitioner proves a deficiency by showing "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688; *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the *Strickland* test is satisfied when the petitioner shows there is a reasonable probability, or "a probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. However, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

A guilty plea must be knowingly, voluntarily, and intelligently entered in order to be valid. *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010). The court must determine whether the guilty plea evidences a voluntary and informed decision to pursue a guilty plea in light of the alternative options available to the defendant. *Id.* In the context of a post-conviction challenge to a guilty plea, both prongs of the *Strickland* test must be met. *Garcia v. State*, 425 S.W.3d 248, 256 (Tenn. 2013). Thus, to successfully challenge his guilty plea, the petitioner must show counsel's performance was deficient, and he "must establish a reasonable probability that, but for the errors of his counsel, he would not have entered the plea." *Adkins v. State*, 911 S.W.2d 334, 349 (Tenn. Crim. App. 1994) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)); *Garcia*, 425 at 257 (Tenn. 2013).

At the evidentiary hearing, the petitioner testified he met with trial counsel three times prior to entering his guilty plea. He reviewed the discovery and went over the plea agreement with counsel. The petitioner understood there was a potential misidentification issue regarding the proper defendant for the drug charges when he entered his guilty pleas. He also testified that during his guilty plea hearing he told the trial court that he was satisfied with trial counsel's representation, that he understood his rights and the facts and circumstances surrounding his case, and that he was entering his pleas free from coercion. However, the petitioner relied on trial counsel's determination that he would be sentenced as a Range II offender because of his pending aggravated assault charges. He claimed he would have gone to trial had trial counsel properly informed him of his status as a Range I offender. Trial counsel testified that the State's original offer was for twelve years as a Range I offender and that she negotiated the offer down to an effective nine-year sentence, which disposed of both his drug and aggravated assault charges. She explained that the petitioner's aggravated assault charges impacted her defense strategy, noting she would have pursued the motion to suppress the confidential informant's identification of the petitioner had he not also faced charges for aggravated assault. Trial counsel noted the petitioner's sentence would have been higher had he gone to trial because the potential sentence for aggravated assault was substantially higher than the potential sentence for the drug convictions. As a result, trial counsel pursued a plea deal that allowed the drug and aggravated assault charges to run concurrently for an effective nine-year sentence.

Though the petitioner argues his guilty plea was entered unknowingly and involuntarily due to trial counsel's misinformation, the record does not support his claim. Rather, the record shows the trial court and trial counsel explained the nature and consequences of the petitioner's guilty plea, including the charges against him and the penalties he faced both in going to trial and accepting the plea offer. The record demonstrates that, at the time the petitioner entered his guilty pleas, he understood he would serve a nine-year sentence for the drug charges, which would run concurrently with his pending aggravated assault charges. The post-conviction court found the petitioner was part of the plea negotiations process and entered his pleas knowingly and voluntarily after reviewing the discovery and meeting with counsel multiple times. The post-conviction court also found the petitioner failed to present evidence to show trial counsel's representation was deficient or prejudicial. The petitioner failed to offer any evidence that preponderates against the post-conviction court's characterization of the knowing and voluntary nature of his guilty pleas. *See Tidwell*, 922 S.W.2d at 500. Accordingly, the record supports the post-conviction court's finding that the petitioner entered knowing and voluntary guilty pleas.

The post-conviction court also found that trial counsel's decision to pursue a plea deal was reasonable because the petitioner would, in fact, have faced a substantially higher sentence if convicted as a Range II offender. The Notice of Enhancement presented at the

post-conviction hearing affirmed trial counsel's theory and showed the State intended to request an enhanced punishment given the petitioner's record and pending aggravated assault charges. In effect, the petitioner was able to dispose of the drug charges and nine aggravated assault charges for which he received an effective sentence of nine years. The petitioner failed to offer any evidence that preponderates against the post-conviction court's finding that trial counsel "perform[ed] within the range of competence expected of attorneys in the community and under the constitution of the United States and the State of Tennessee." *See Tidwell*, 922 S.W.2d at 500. As a result, the petitioner is unable to prove trial counsel was ineffective and is not entitled to relief.

## *Conclusion*

Based upon the foregoing authorities and reasoning, the judgment of the post-conviction court is affirmed.

_____

J. ROSS DYER, JUDGE