IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 21, 2022

## CHRISTOPHER DESMOND SIMPSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lawrence County**
**No. 36337     Stella L. Hargrove, Judge**

_____

### No. M2021-00216-CCA-R3-PC

_____

The petitioner, Christopher Desmond Simpson, appeals the denial of his post-conviction petition, arguing the post-conviction court erred in finding he received the effective assistance of counsel. After our review of the record, briefs, and applicable law, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Amy Long Schisler, Lawrenceburg, Tennessee, for the appellant, Christopher Desmond Simpson.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Senior Assistant Attorney General; Brent A. Cooper, District Attorney General; and Gary Howell and Christi Thompson, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

The defendant's second-degree murder conviction in the present case arises from the June 21, 2014 killing of his girlfriend, Michelle Robinson, in a remote area of Lawrence County. *State v. Christopher Desmond Simpson*, No. M2017-01734-CCA-R3-CD, 2019 WL 1244950, at *1 (Tenn. Crim. App. Mar. 18, 2019), *no perm. app. filed*. Following the denial of his direct appeal, the petitioner filed a timely pro se petition for post-conviction relief, arguing, in part, trial counsel was ineffective for failing to request a continuance of

his sentencing hearing, which was scheduled on Martin Luther King, Jr. Day. After the appointment of counsel, the petitioner filed an amended petition raising the identical issues presented in the original petition.

On January 7, 2021, the petitioner filed a motion to continue the evidentiary hearing for his post-conviction petition until it could be held in person. The petitioner argued that, due to strict Covid-19 protocols, he was unable to meet with post-conviction counsel in person, and it was difficult to discuss specific issues over the phone due to the voluminous nature of his case file. Additionally, the petitioner claimed that if the hearing were held via Zoom, post-conviction counsel and the petitioner would not be able to consult with one another like they would in a typical courtroom setting. On January 11, 2021, the post-conviction court entered an order denying the petitioner's motion for a continuance. In denying the motion, the post-conviction court found

> [t]here is absolutely no reason this hearing for [p]ost-[c]onviction [r]elief cannot be heard by Zoom. Our jurisdiction has conducted many such hearings by Zoom. The [c]ourt will take all breaks necessary for counsel to converse with [the petitioner]. If the hearing were to be held in person, there would still be a correctional officer in close vicinity and within earshot of defense counsel and [the petitioner]. Counsel would not be allowed to meet alone with her client.

An evidentiary hearing was held on January 22, 2021, during which the petitioner and trial counsel testified.[1] Although the petitioner asserted numerous claims in his petition and amended petition, we will summarize only the testimony relevant to his claim on appeal. At the beginning of the hearing, post-conviction counsel renewed the petitioner's motion for a continuance, arguing that she and the petitioner were unable to speak confidentially except for on the telephone. The post-conviction court reaffirmed its earlier ruling, noting that "[i]t is in [the petitioner's] best interest to move this case along as well as we can."

The petitioner testified that his sentencing hearing was scheduled to be held on Martin Luther King, Jr. Day. As an African-American, the petitioner did not agree with holding the hearing, or any business, on that date. Instead, the petitioner believed it should be used as a time for "meditation and re-healing." However, trial counsel did not consult with the petitioner about what effect conducting the sentencing hearing on Martin Luther

---

[1] This hearing occurred via Zoom. In response to the Covid-19 pandemic, the Tennessee Supreme Court suspended all in-person proceedings on March 13, 2020. *See In Re: COVID-19 Pandemic*, No. ADM2020-00428 (Tenn. Mar. 13, 2020) (Order). The court later modified "the suspension of in-person court proceedings, with appropriate safeguards," to include video conferencing. *In Re: COVID-19 Pandemic*, No. ADM-2020-00428 (Tenn. Apr. 24, 2020) (Order).

King, Jr. Day would have on him. On cross-examination, the petitioner agreed the trial court should have asked him directly whether having the hearing on that day was appropriate. When the State provided transcripts from the sentencing hearing which showed that this occurred, the petitioner testified that he did not recall it happening.

Trial counsel testified that he was hired to represent the petitioner following his indictment. On the day the trial court set the petitioner's sentencing hearing, the trial court gave trial counsel an opportunity to speak with the petitioner about any reservations he might have with the hearing being set for Martin Luther King, Jr. Day. According to trial counsel, the petitioner was "okay with it and that's why [trial counsel] allowed it to be set on that date." Additionally, at the sentencing hearing, the trial court addressed the petitioner at the outset of the hearing and gave him another opportunity to object to holding the hearing on that date. Again, the petitioner raised no objection.

After its review of the evidence presented, the post-conviction court denied relief, and this timely appeal followed.

### *Analysis*

On appeal, the petitioner argues trial counsel was ineffective for failing to request a continuance of the sentencing hearing, which was scheduled on Martin Luther King, Jr. Day. The petitioner also argues the post-conviction court erred in denying his motion to continue his post-conviction evidentiary hearing. The State contends the post-conviction court properly denied the petition and the motion to continue the evidentiary hearing. Upon our review, we agree with the State.

### I.     Motion to Continue Evidentiary Hearing

The petitioner argues the post-conviction court erred in denying his motion to continue the evidentiary hearing. Specifically, he contends post-conviction counsel informed the post-conviction court that it was difficult to review the voluminous transcript without face-to-face communication, and the post-conviction court "failed to recognize or account for the prejudice created by the denial of [post-conviction] counsel's renewed motion [to] continue the [evidentiary] hearing." The State contends the post-conviction court properly denied the petitioner's motion to continue the evidentiary hearing.

The decision whether to grant a continuance is left to the trial court's discretion. *State v. Russell*, 10 S.W.3d 270, 275 (Tenn. Crim. App. 1999) (citing *State v. Melson*, 638 S.W.2d 342, 359 (Tenn. 1982); *Baxter v. State*, 503 S.W.2d 226, 230 (Tenn. Crim. App. 1973)). This Court should "reverse the denial of a continuance only if the trial court abused its discretion and defendant was prejudiced by the denial." *State v. Thomas*, 158 S.W.3d

361, 392 (Tenn. 2005). "An abuse of discretion is demonstrated by showing that the failure to grant a continuance denied defendant a fair trial or that it could be reasonably concluded that a different result would have followed had the continuance been granted." *Id.* (citing *State v. Hines*, 919 S.W.2d 573, 579 (Tenn. 1995)).

Upon our review of the record, the post-conviction court did not abuse its discretion in denying the petitioner's motion to continue the evidentiary hearing. While the petitioner argues he was unable to meet with post-conviction counsel in a confidential setting or to properly prepare for the evidentiary hearing, he fails to identify any subject he was unable to discuss with post-conviction counsel or any ground for relief he was unable to raise due to these restrictions. Moreover, although the petitioner argued in his motion to continue that he would be unable to easily consult with post-conviction counsel during a Zoom hearing, the post-conviction court ensured that during the evidentiary hearing the petitioner and post-conviction counsel had private "breakout session[s]" where they could speak confidentially.

Based on the proof presented, the petitioner has not established that he was prejudiced or denied a fair hearing by the post-conviction court's denial of his motion to continue or by having his hearing conducted via Zoom. Accordingly, the post-conviction court did not abuse its discretion in denying the petitioner's motion, and the petitioner is not entitled to relief on this issue.

## II.    Ineffective Assistance of Counsel

The petitioner argues trial counsel was ineffective for failing to request a continuance when his sentencing hearing was scheduled to occur on Martin Luther King, Jr. Day. According to the petitioner, the trial court's "failure to recognize the impact of sentencing an African[-]American defendant" on this day "tainted the appearance of impropriety." The State contends the post-conviction court properly found that trial counsel was not ineffective.

To prevail on a petition for post-conviction relief, the petitioner bears the burden of proving his post-conviction factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). The findings of fact established at a post-conviction evidentiary hearing are conclusive on appeal unless the evidence preponderates against them. *Tidwell v. State*, 922 S.W.2d 497, 500 (Tenn. 1996). This Court will not reweigh or reevaluate evidence of purely factual issues. *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997). However, appellate review of a trial court's application of the law to the facts is *de novo,* with no presumption of correctness. *See Ruff v. State*, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel presents mixed questions of fact and law. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). Thus, this Court reviews the petitioner's

post-conviction allegations *de novo,* affording a presumption of correctness only to the post-conviction court's findings of fact. *Id*.; *Burns v. State,* 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner must show both that counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceedings. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Taylor*, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that the standard for determining ineffective assistance of counsel applied in federal cases is also applied in Tennessee). The *Strickland* standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687. In order for a post-conviction petitioner to succeed, both prongs of the *Strickland* test must be satisfied. *Id*. Thus, courts are not required to even "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id*.; *see also Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (stating that "a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim").

A petitioner proves a deficiency by showing "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688; *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the *Strickland* test is satisfied when the petitioner shows there is a reasonable probability, or "a probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. However, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

At the evidentiary hearing, the petitioner testified that trial counsel did not consult with him regarding what effect having the sentencing hearing on Martin Luther King, Jr.

Day would have on the petitioner. He also could not recall speaking with the trial court at the sentencing hearing about this issue. Trial counsel, however, testified that he and the petitioner were given an opportunity to discuss the sentencing hearing date at the time it was set, and the petitioner raised no objections. Furthermore, according to the sentencing hearing transcript, the trial court addressed the issue with the petitioner at the outset of the hearing, and the petitioner informed the trial court he had "no problem" with the hearing being held on Martin Luther King, Jr. Day.

As an initial matter, we note the petitioner's brief is deficient in regards to this issue. The caselaw cited by the petitioner is, for the most part, completely irrelevant to the issue before us. Additionally, the petitioner's brief contains neither an argument explaining how trial counsel was ineffective nor how the petitioner was prejudiced. "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b). Failure to comply with this basic rule will ordinarily constitute a waiver of the issue. *Id.*

Waiver notwithstanding, implicit in the post-conviction court's order denying relief is an accreditation of trial counsel's testimony, and nothing in the record preponderates against the post-conviction court's findings. *See Tidwell*, 922 S.W.2d at 500. The petitioner was provided the opportunity to voice his objections prior to and during the sentencing hearing, yet not only did the petitioner not object, but he affirmatively agreed to the date. Thus, the petitioner has not shown deficient performance on the part of trial counsel. Furthermore, the petitioner has not shown that had trial counsel filed the motion to continue, the trial court would have imposed a different sentence on a day other than Martin Luther King, Jr. Day and, therefore, cannot establish prejudice. The petitioner is not entitled to relief on this issue.

## *Conclusion*

Based upon the foregoing authorities and reasoning, the judgment of the post-conviction court is affirmed.

_____
J. ROSS DYER, JUDGE