IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 8, 2017

**ELBERT BRYANT GLEAVES v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2012-B-1296, 2012-B-1275, 2012-C-2534  J. Randall Wyatt, Jr., Judge**

_____

**No.  M2016-02371-CCA-R3-PC**

_____

The petitioner, Elbert Bryant Gleaves, appeals the denial of his post-conviction petition. The petitioner argues he received ineffective assistance of counsel prior to trial forcing him to accept the State's plea offer.  Following our review, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, and D. KELLY THOMAS, JR., JJ., joined.

Susan L. Kay, Nashville, Tennessee, for the appellant, Elbert Bryant Gleaves.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Amy M. Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

This petition for post-conviction relief is based upon the petitioner's claim that his trial counsel did not adequately investigate the case against the petitioner and this failure deprived the petitioner of constitutionally effective assistance of counsel.  Furthermore, the petitioner claims that this alleged deficiency resulted in a false impression that he would only serve four years in prison; therefore, he did not knowingly, voluntarily, and intelligently enter the plea agreement with the State of Tennessee.

The petitioner was initially charged as a juvenile with misdemeanor theft and attempted murder. Subsequently, on May 14, 2012, the petitioner was indicted by a Davidson County grand jury for theft of under $500 in case number 2012-B-1275 and aggravated assault in case number 2012-B-1296. In addition, the petitioner faced indictments for aggravated robbery, carjacking, employing a firearm during a dangerous felony, evading arrest, aggravated assault, and two counts of leaving the scene of an accident in case number 2012-C-2534. The petitioner was dissatisfied with counsel who had represented him in juvenile court and petitioned for replacement counsel.[1] The court granted the request and appointed trial counsel to represent the petitioner.

Based upon testimony from the petitioner and trial counsel the representation proceeded along the following lines. Trial counsel spoke briefly with the petitioner after initial assignment, after which trial counsel met with the petitioner in prison to discuss the petitioner's options. Trial counsel encouraged the petitioner to plead guilty in order to avoid the likely outcome of a significantly longer prison term. The petitioner's primary concern was to minimize time spent in prison in order to return to his family as soon as possible. Trial counsel spoke with the petitioner at least once more by phone prior to the plea hearing. Prior to entering his plea, the petitioner met with both trial counsel and members of his family to discuss the State's offer of a maximum sentence of ten years. After a discussion with trial counsel, the petitioner's family asked to speak with the petitioner alone. After a few minutes, the family informed trial counsel that the petitioner would accept the plea agreement.

During the plea colloquy, the State announced that the petitioner would plead guilty to the following: theft of property under $500 and receive a sentence of eleven months and twenty-nine days; two counts of aggravated assault and receive a sentence of three years as a Range I offender for each; and aggravated robbery and receive a ten year sentence. All the sentences would run concurrently for a total effective sentence of ten years. Per the plea agreement, the other counts of the indictment would be dismissed. After the State announced the terms of the plea, the trial court explained the sentence in detail to the petitioner, after which, the petitioner and trial counsel had a brief discussion off the record. Once back on the record, the trial court again reiterated that the petitioner would be receiving a ten-year sentence at eighty-five percent release eligibility.

The trial court then informed the petitioner of his rights, including his right to a jury trial and the presumption of innocence. The petitioner said he understood the terms of the plea and trial counsel confirmed this. The State proceeded to announce its proof,

---

[1] While the petitioner's cases were still pending in juvenile court, he was represented by another attorney. The petitioner's juvenile court counsel did not testify during the post-conviction hearing.

after which, the petitioner plead guilty to one count of theft under $500, one count of aggravated robbery, and two counts of aggravated assault. The trial court accepted the recommendation of the district attorney general and sentenced the petitioner to an effective ten-year sentence.

On March 11, 2009, the petitioner filed a *pro se* petition for post-conviction relief arguing ineffective assistance of counsel and that his guilty plea was not knowingly, voluntarily, and intelligently entered. After the appointment of counsel, the petitioner filed an amended petition for post-conviction relief. The post-conviction court conducted a hearing to determine the validity of the claims. After the hearing, the post-conviction court denied the petition finding that trial counsel's representation did not fall below the constitutional standard to warrant a finding of ineffective assistance of counsel. Additionally, the post-conviction court found that while the petitioner may have been unhappy with the plea he entered, the record supported the finding that the plea was knowing and voluntary. The petitioner subsequently appealed the post-conviction court's ruling to this Court.

## *Analysis*

On appeal, the petitioner argues the post-conviction court erred in denying his petition, alleging trial counsel's ineffectiveness forced him to plead guilty. In support of his claim, the petitioner contends trial counsel only met with him once and spoke with him only one or two times prior to his decision to plead guilty. Similarly, the petitioner asserts his guilty plea was not knowingly and voluntarily entered as a result of trial counsel's deficiencies. In contrast, the State contends that based upon the finding of fact by the post-conviction court and strength of the State's case, the petitioner is not entitled to post-conviction relief. Upon our review, we agree with the State.

The petitioner bears the burden of proving his factual allegations by clear and convincing evidence. *See* Tenn. Code Ann. § 40-30-110(f). The findings of fact established at a post-conviction evidentiary hearing are conclusive on appeal unless the evidence preponderates against them. *See Tidwell v. State*, 922 S.W.2d 497, 500 (Tenn. 1996). This Court will not reweigh or reevaluate evidence of purely factual issues. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997). However, appellate review of a trial court's application of the law to the facts is de novo, with no presumption of correctness. *See Ruff v. State*, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel presents mixed questions of fact and law. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). Thus, this Court reviews the petitioner's post-conviction allegations de novo, affording a presumption of correctness only to the post-conviction court's findings of fact. *See id*.; *see also Burns v. State*, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner must show both that counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceedings. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see State v. Taylor*, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting the standard for determining ineffective assistance of counsel applied in federal cases is also applied in Tennessee). The *Strickland* standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687. In order for the petitioner to succeed, both prongs of the *Strickland* test must be satisfied. *Id.* Thus, courts are not required to even "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.*; *see also Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (stating "a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim").

A petitioner proves a deficiency by showing "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688; *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the *Strickland* test is satisfied when the petitioner shows there is a reasonable probability, or "a probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. However, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

A guilty plea must be knowingly, voluntarily, and intelligently entered in order to be valid. *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010). The court must determine whether the guilty plea evidences a voluntary and informed decision to pursue a guilty plea in light of the alternative options available to the defendant. *Id.* In the context of a post-conviction challenge to a guilty plea, both prongs of the *Strickland* test must be met. *Garcia v. State*, 425 S.W.3d 248, 256 (Tenn. 2013). Thus, to successfully challenge his

guilty plea, the petitioner must show counsel's performance was deficient, and he "must establish a reasonable probability that, but for the errors of his counsel, he would not have entered the plea." *Adkins v. State*, 911 S.W.2d 334, 349 (Tenn. Crim. App. 1994) (*citing Hill v. Lockhart*, 474 U.S. 52, 59 (1985)); *Garcia*, 425 at 257 (Tenn. 2013).

The petitioner argues that trial counsel's failure to investigate the case amounted to ineffective assistance of counsel, rendering his plea involuntary. The petitioner alleges that trial counsel contacted the petitioner "only once or twice prior to the plea hearing, and did not contact the witnesses [whom] the State intended to call at trial." We do not find this claim compelling.

In response to the petitioner's cross-examination about his preparation, trial counsel stated:

> Well, given the facts as they were in that case . . . I talked to two of the officers involved and their statements to me were the same as what was in their reports as far as what they would testify to. The victim refused to talk to me so . . . you are stuck with the facts. No amount of preparation can change the facts.

Taken at face value, this statement appears to be in direct contravention of the petitioner's claim. The petitioner's argument rests upon the assertion that trial counsel made no effort to investigate petitioner's case. However, speaking to material witnesses to determine the strength of a case is adequate investigation. Moreover, the post-conviction court "fully accredit[ed]" trial counsel's testimony, and we see no reason to disturb its findings. *See Henley*, 960 S.W.2d at 578. We will not second guess a post-conviction court's credibility determination; therefore, we find that trial counsel did adequately investigate and prepare the petitioner's case. *Id.*

Furthermore, the petitioner has failed to show that but for trial counsel's performance he suffered prejudice that changed the outcome of his case. In analyzing prejudice, this Court applies an objective standard. *Strickland*, 466 U.S. at 695. This case, to use the words of the post-conviction court, was a "slam dunk" for the State. Trial counsel used this language in describing his decision to encourage the petitioner to accept the ten-year plea agreement, and the post-conviction court adopted trial counsel's evaluation of the petitioner's case. Based on our reading of the record, the post-conviction court correctly determined that trial counsel's performance, even if it was deficient, did not prejudice the petitioner. We agree with the post-conviction court that had this case gone to trial, the petitioner would have faced a longer prison term. Thus, the petitioner cannot satisfy the second prong of the *Strickland* test.

- 5 -

Turning to the guilty plea itself, nothing in the record indicates the plea was coerced or entered into involuntarily. The evidence produced during the hearing supports the finding that the petitioner was fully aware of the nature of the guilty plea. The post-conviction court succinctly described the guilty plea hearing, as follows:

> After considering the testimony, the [c]ourt does not find any merit to the [p]etitioner's contention that the guilty plea was not entered into voluntarily and intelligently. The [c]ourt finds that the [p]etitioner was represented by an experienced, competent attorney who adequately explained the criminal proceedings that the [p]etitioner was facing and the possible alternatives. The [c]ourt further takes note that although this was the petitioner's first guilty plea in [c]riminal [c]ourt, the petitioner had an extensive juvenile record that had familiarized him with the concept and consequences of pleading guilty. The [c]ourt fully accredits [trial counsel's] testimony that he walked through the plea petition with the [p]etitioner, and that the [p]etitioner understood what he was doing in pleading guilty, even if he was not pleased with the consequences of his plea. The [c]ourt finds a lack of any evidence indicating coercion, threats, or any other sign that the [p]etitioner's will was overborne by an outside influence. The [c]ourt notes that there is a significant legal difference between whether the [p]etitioner understood what he was doing and did it of his own volition and whether he liked what he was doing. Had the [p]etitioner's cases gone to trial, the [p]etitioner could have faced a sentence of up to several decades, which is precisely what [trial counsel] testified he explained to the [p]etitioner. Although the [c]ourt fully recognizes that the [p]etitioner almost certainly did not like what he was doing, and may have felt some level of pressure to accept the plea agreement as a result of [trial counsel's] explanation that he faced a much lengthier sentence if he did not accept the plea deal, the [c]ourt is not of the opinion that this type of pressure was such that it overbore the [p]etitioner's ability to enter into the plea agreement of his own volition. Thus, the [c]ourt finds that the [p]etitioner entered into the plea of guilty knowingly, intelligently, and voluntarily, and that this contention is without merit.

Our review of the transcript of the guilty plea hearing echoes the finding of the post-conviction court. The trial court properly and thoroughly explained the nature and consequences of the petitioner's guilty plea, including the charges against the petitioner, the penalties he faced as a result of the plea, and the consequences that such a plea could have on the petitioner in future criminal proceedings. Throughout the hearing, the petitioner repeatedly affirmed that he understood his rights and wished to proceed with the guilty plea. The petitioner has failed to offer any evidence that preponderates against

the post-conviction court's characterization of the knowing and voluntary nature of the petitioner's guilty plea. *See Tidwell*, 922 S.W.2d at 500. As such, the record makes clear that the submission of the guilty plea was absent coercion and was performed thoroughly and properly by the trial court.

As explained above, the post-conviction court found that the petitioner knowingly, intelligently, and voluntarily entered his guilty plea. Once a guilty plea is knowingly, voluntarily, and intelligently entered it is not void simply because the petitioner is no longer happy with his decision. *Robert L. Freeman v. State*, No. M2000-00904-CCA-R3-PC, 2002 WL 970439, at *2 (Tenn. Crim. App. May 10, 2002), *no perm. app. filed*. After reviewing the record and the determinations by the post-conviction court as to the credibility of the petitioner and trial counsel, the petitioner has failed to show that he received ineffective assistance of trial counsel or that his guilty plea was not knowingly, voluntarily, and intelligently entered. No evidence exists in the record to support his attack on trial counsel's performance or how the alleged deficient performance affected the outcome of his guilty plea. *See Strickland*, 466 U.S. at 687. Accordingly, the petitioner is not entitled to post-conviction relief.

## CONCLUSION

Based upon the foregoing authorities and reasoning, the judgment of the post-conviction court is affirmed.

_____
J. ROSS DYER, JUDGE