IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 11, 2021

**STATE OF TENNESSEE v. CHRISTOPHER D. TODD**

**Appeal from the Circuit Court for Robertson County**
**No. 74CC4-2018-CR-711  Jill Bartee Ayers, Judge**
_____

**No. M2020-01669-CCA-R3-CD**
_____

Following a bench trial, the defendant, Christopher D. Todd, was convicted by the Robertson County Circuit Court with possession of marijuana with intent to sell, possession of marijuana with intent to deliver, and possession of drug paraphernalia, and he was sentenced to an effective term of eighteen months' incarceration.  On appeal, the defendant argues that he received ineffective assistance of counsel due to counsel's failure to file a motion to suppress challenging the legality of the initial stop of his vehicle.  Upon our review of the record and the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. Ross Dyer, J., delivered the opinion of the court, in which James Curwood Witt, Jr. and Camille R. McMullen, JJ., joined.

William F. Kroeger, Springfield, Tennessee (at motion for new trial and on appeal), for the appellant, Christopher Deon Todd.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; John W. Carnery, Jr., District Attorney General; and John E. Finklea and Jason White, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

In September 2018, the defendant was indicted for possession of marijuana with intent to sell, possession of marijuana with intent to deliver, and possession of drug paraphernalia.  The charges arose from the August 20, 2018, traffic stop of his vehicle by Officer Jason Ghee with the 18th Judicial District Drug Task Force.  The defendant filed a

motion to suppress evidence obtained from the officer's search of his vehicle asserting his consent was not valid and the length of the stop was excessive. At a bench trial, the trial court heard evidence on the motion to suppress, as well as the State's case-in-chief. The trial court denied the motion to suppress and convicted the defendant as charged. The testimony presented at the trial is summarized below.

Officer Ghee testified that on August 20, 2018, he was in his patrol car monitoring southbound traffic on I-65 between the White House and Cross Plains exits. Officer Ghee exited I-65 southbound at the White House exit and, as he approached the intersection at the end of the ramp, saw the traffic light change from green, to yellow, then red. When the light turned red, the small gray SUV driven by the defendant that was in front of Officer Ghee was "in the middle of the intersection, well not even quite in the middle of the intersection," blocking the westbound lane of travel, and an oncoming car had to stop abruptly to avoid a collision. The defendant continued eastbound and, after he ensured that the intersection was clear, Officer Ghee activated his emergency equipment to initiate a traffic stop. Officer Ghee noted that his dash cam recorded the traffic stop, as well as the thirty seconds prior to his patrol lights being activated. He identified a still photo taken from the dash cam video, which showed the rear tires of the defendant's vehicle "maybe just beyond the stop bar." At this point, defense counsel stated that his motion to suppress contested the detention of the defendant not the traffic stop, and he opined that the stop was legal and valid.

Officer Ghee testified that, after the defendant was stopped, he approached and asked for the defendant's license and registration. The defendant provided the officer with a Florida driver's license and a rental car agreement. The defendant stated he lived in Mississippi, and he had picked up the rental car at the Nashville airport after visiting a friend in Indiana. Officer Ghee explained to the defendant that he stopped him because "he effectively ran the red light[.]"

Officer Ghee then contacted dispatch to run a license check on the defendant. He recalled that he observed a plastic baggie in the driver's side door when he opened the door to check the VIN number, and the defendant admitted he was a convicted felon for marijuana charges. Thereafter, the defendant also admitted to the officer that he had an ounce of marijuana in the car, as well as an amount of money more than $2000.

Officer Ghee testified it began raining at that point, and he placed the defendant in the back seat of his patrol car. Around that time, he received information that there was an extradition warrant out of Louisiana for the defendant's arrest. The defendant told the officer his attorney was supposed to have had the warrant dismissed, and Officer Ghee informed him that it had not been dismissed and that he would have to go to jail regardless of the amount of any contraband in the vehicle. Officer Ghee then searched the defendant's

vehicle and found a red backpack containing twenty-six grams of marijuana amongst three vacuum-sealed bags, a roll of vacuum-sealed bags, a set of digital scales, and more than $12,000 cash. After reviewing his report, Officer Ghee recalled that the set of scales had loose marijuana residue on it. The Tennessee Bureau of Investigation tested the substance in the vacuum-sealed bags and confirmed it was marijuana in the amount of 26.9 grams.

On August 5, 2019, the defendant filed a motion for new trial in which he argued, relevant to this appeal, that trial counsel rendered ineffective assistance in failing to argue that the stop of his vehicle was illegal under Tennessee Code Annotated section 55-8-110(e). In ruling on this allegation, the trial court found:

> In consideration of trial counsel's failure to file a Motion to Suppress Officer Ghee's initial stop of the defendant for running a red light, the court reviewed T.C.A. § 55-8-110(e) that requires that one's vehicle's front tires must be at or behind the stop line when the light turns red for one to be guilty of running a red light. In reviewing the video, the court agreed with both the defendant's counsel and the State's counsel that review of the video indicated that it was very close whether the defendant's tires were behind the stop line when the light turned red. In applying that in real time, the court found that based on his observations Officer Ghee at least had reasonable suspicion to believe that the defendant ran the red light. Therefore, the court found that trial counsel's failure to file a Motion to Suppress the initial stop did not prejudice the defendant.

This appeal followed.

## *Analysis*

On appeal, the defendant proceeds with the sole issue that trial counsel's failure to file a motion to suppress challenging the legality of the initial stop of his vehicle was ineffective assistance of counsel.

A defendant may raise an ineffective assistance of counsel claim in his motion for new trial or on direct appeal, but this Court has repeatedly cautioned that "the practice . . . is fraught with peril since it is [typically] impossible to demonstrate prejudice as required" at those stages of a proceeding. *State v. Blackmon*, 78 S.W.3d 322, 328 (Tenn. Crim. App. 2001) (internal quotation omitted). Even so, there is no prohibition against litigating ineffective assistance of counsel claims as part of a motion for new trial or direct appeal, and the same standard applies as in a petition for post-conviction relief. *See State v. Burns*, 6 S.W.3d 453, 461 n.5 (Tenn. 1999) (citing *State v. Anderson*, 835 S.W.2d 600 (Tenn.

Crim. App. 1992)); *State v. James Paris Johnson*, No. E2008-02555-CCA-R3-CD, 2010 WL 3565761, at *17 (Tenn. Crim. App. Sept. 15, 2010).

Because the tenets of post-conviction are applicable, the defendant bears the burden of proving his factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); *see State v. Ronald Ailey*, No. E2017-02359-CCA-R3-CD, 2019 WL 3917557, at *32 (Tenn. Crim. App. Aug. 19, 2019). The findings of fact established at an evidentiary hearing are conclusive on appeal unless the evidence preponderates against them. *Tidwell v. State*, 922 S.W.2d 497, 500 (Tenn. 1996). This Court will not reweigh or reevaluate evidence of purely factual issues. *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997). However, appellate review of a trial court's application of the law to the facts is de novo, with no presumption of correctness. *See Ruff v. State*, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel presents mixed questions of fact and law. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). Thus, this Court reviews the defendant's claim of ineffective assistance of counsel de novo, affording a presumption of correctness only to the trial court's findings of fact. *Id.*; *Burns,* 6 S.W.3d at 461.

To establish a claim of ineffective assistance of counsel, the defendant must show both that counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceedings. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Taylor*, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting the standard for determining ineffective assistance of counsel applied in federal cases is also applied in Tennessee). The *Strickland* standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687. In order for a defendant to succeed, both prongs of the *Strickland* test must be satisfied. *Id.* Thus, courts are not required to even "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.*; *see also Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (stating that "a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim").

A defendant proves a deficiency by showing "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688; *Baxter*

- 4 -

*v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the *Strickland* test is satisfied when the defendant shows there is a reasonable probability, or "a probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. However, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The defendant argues that trial counsel should have filed a motion to suppress evidence based upon the unwarranted stop of his vehicle. He asserts he was stopped for allegedly running a stoplight pursuant to Tennessee Code Annotated section 55-8-110, but that he actually crossed the stop bar before the light turned red so he did not "run the red light" according to the statute.

Tennessee Code Annotated section 55-8-110 provides, in pertinent:

> (a) Whenever traffic is controlled by traffic-control signals exhibiting the words "Go," "Caution" or "Stop," or exhibiting different colored lights successively one (1) at a time, or with arrows, the following colors only shall be used and the terms and lights shall indicate and apply to drivers or vehicles and pedestrians as follows:
>
> . . . .
>
> (3) Red alone or "Stop":
>
> (A) Vehicular traffic facing the signal shall stop before entering the crosswalk on the near side of the intersection or if there is a clearly marked stop line preceding the crosswalk, then before such stop line, but if there is neither a crosswalk nor a stop line, then before entering the intersection, and the vehicular traffic shall remain standing until green or "Go" is shown alone. A right turn on a red signal shall be permitted at all intersections within the state; provided, that the prospective turning car shall come to a full and complete stop before turning and that the turning car shall yield the right-of-way to pedestrians and cross traffic traveling in accordance with their traffic signal; provided further, that such turn will not endanger other traffic lawfully using the intersection. A right turn on red shall be permitted at all intersections, except those that are clearly marked by a "No Turns On Red" sign, which may be erected by the responsible municipal or county

governments at intersections which they decide require no right turns on red in the interest of traffic safety;

> (e) It is not a violation of subdivision (a)(3), unless the front tires of a vehicle cross the stop line after the signal is red.

As detailed above, in ruling on the issue, the trial court determined it was a close call whether the defendant statutorily "ran the red light," but Officer Ghee viewing the action in real time at least had reasonable suspicion the defendant ran the light. The trial court concluded, therefore, that counsel's failure to file a motion to suppress the initial stop did not prejudice the defendant. The defendant asserts the video evidence does not conclusively demonstrate he ran the red light; however, we reiterate the issue before us is not whether the defendant ran the red light but whether counsel rendered deficient performance or any alleged deficiency caused the defendant prejudice.

If an officer has probable cause or a reasonable suspicion to suspect that a motorist has committed a traffic offense, a traffic stop will "pass constitutional muster." *State v. Smith*, 484 S.W.3d 393, 400-02 (Tenn. 2016). "The level of reasonable suspicion required to support an investigatory stop is lower than that required for probable cause." *State v. Day*, 263 S.W.3d 891, 902 (Tenn. 2008). "An officer's reasonable suspicion must be supported by specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id.* (internal quotation omitted).

The defendant offered no proof at the motion for new trial hearing in support of his challenge to counsel's failure to file the proposed suppression motion or Officer Ghee's basis for the stop. To show prejudice when raising a claim of ineffective assistance of counsel regarding a motion to suppress, the "[defendant] must show by clear and convincing evidence that (1) a motion to suppress would have been granted and (2) there was a reasonable probability that the proceedings would have concluded differently if counsel had performed as suggested." *Vaughn v. State*, 202 S.W.3d 106, 120 (Tenn. 2006) (citing *Strickland*, 466 U.S. at 687). "In essence, the [defendant] should incorporate a motion to suppress within the proof presented at the post-conviction hearing." *Terrance Cecil v. State*, No. M2009-00671-CCA-R3-PC, 2011 WL 4012436, at *8 (Tenn. Crim. App. at Nashville, Sept. 12, 2011). Moreover, based on the evidence presented at trial, a challenge to the legality of the initial stop would have failed. Review of the video footage from the trial record supports the trial court's assessment that it was "very close whether the defendant's tires were at or behind the stop line when the light turned red." In addition, Officer Ghee testified at trial that the defendant's vehicle was far enough into the intersection it blocked the intersecting lane of travel and an oncoming car had to stop abruptly to avoid a collision. The defendant has failed to prove that counsel rendered

deficient performance or any alleged deficiency caused him prejudice and is, therefore, not entitled to relief.

## *Conclusion*

Based on the foregoing reasoning and authorities, we affirm the judgment of the trial court.

_____
J. ROSS DYER, JUDGE